GARDEN, JUDGE:
During the early afternoon on March 10, 1980, Horst A. Lindner was operating a 1980 Chevrolet Citation in an easterly direction on State Route 16 in'.Pleasants County, West Virginia, when his automobile struck a rather large rock in his eastbound lane of travel causing substantial damage to the automobile in the stipulated amount of $1,437.03. Mr. Lindner was an employee of claimant and was driving an automobile leased to Continental Telephone System, the claimant’s parent company, by the D. L. Peterson Trust. Under the terms of the lease, the claimant was responsible for any damage to the automobile.
Route 16 in this particular area is a two-lane blacktop road, about 22 feet in width, relatively straight but punctuated with hills and dales. The evidence established that a rather severe slide had taken place on the north side of Route 16, and that respondent had been engaged for several months in making repairs to the slide area. These repairs were being effected by hauling fill material from a donor site located about a quarter of a mile west of the slip area and on the north side oif Route 16. Between the donor site and the slip area to the east-was a hill, and, as a result, an eastbound motorist would be ascending this hill as he passed the donor site, crest the hill and then pass the area of the slip as he descended the hill. The evidence further established that the respondent was using open-ended trucks to transport the fill material from the donor site to the slip area. It was not using trucks with mounted tailgates, and it explained its failure to do so because of problems that would be encountered in dumping the fill material had the trucks been equipped with tailgates. Claimant contends that the failure of respondent to use tailgate-equipped trucks constituted negligence.
*427 Mr. Lindner was following a large four-axle dump truck (owned by an independent party) on the afternoon of the accident at a distance of about 50 feet and at a speed of about 45 miles per hour. The truck ahead of him was successful in stradling the rather large rock located towards the center of the eastbound lane, but Mr. Lindner was not, and, as a result, the undercarriage of the car was extensively damaged. There was a conflict in the testimony as to the existence and content of any warning signs, warning eastbound motorists of the work area ahead.
The Court, however, is of the opinion that the failure of respondent to use dump trucks equipped with tailgates or the presence, or lack thereof, of warning signs is not determinative of the liability issue in this claim because of the testimony of James M. Hinton, a witness called by the claimant. Mr. Hinton testified that he was employed as a dump truck driver by the respondent on the day of the subject accident and, about 10 minutes before the accident, was proceeding in an easterly direction on Route 16 between the donor site and the fill area. Mr. Hinton stated that he had observed the subject rock near the center of the eastbound lane, but was able to pass over it by stradling it. His only explanation for not taking some steps to remove the rock or alert eastbound motorists of its presence was that if he had stopped on this ascending hill, he could have, in re-starting his truck, dumped additional debris and rocks onto the road. This failure on the part of respondent’s employee to take any action in respect to this rock borders on incredible conduct, and, if no more, certainly constituted negligence which was a proximate cause of the accident.
However, the Court does believe that some degree of negligence must be attributed to the claimant’s employee, Horst H. Lindner, in either proceeding through this area at a speed that was too great under the conditions then and there existing, and/or failing to keep a proper lookout. The stipulated damages are reduced by a 10% contributory negligence factor, and an award in favor of the claimant is hereby made in the amount of $1,293.33.
Award of $1,293.33.